UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

A.J. DAVIES (#85818)                              CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                    NO.: 17-00280-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 6)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses *pro se* Plaintiff's **Amended Complaint Under The Civil Rights Act, 42 U.S.C. § 1983.**[1] **(Doc. 4)**. Plaintiff, a prisoner confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding in the Middle District of Louisiana pursuant to 42 U.S.C. § 1983 against Defendants James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections; the LSP Medical Staff; LSP Warden Darryl Vannoy; the University Medical Center in New Orleans, Louisiana ("UMCNO"); and unknown physicians at UMCNO who allegedly performed surgery on Plaintiff. (Doc. 4 at p. 1; Doc. 6 at p. 2). Plaintiff alleges that on an unknown date, he was transported from LSP to UMCNO for the purpose of having tissue samples taken from his penis.[2] (Doc. 4 at p. 3; Doc. 6 at p.

---

[1] The original complaint (Doc. 1) was amended to add as additional Defendants, the Louisiana State Penitentiary Medical Staff, the University Medical Center in New Orleans, Louisiana, and unknown physicians at the medical center. (Doc. 4 at p. 2). The amended complaint also includes an "Arguments" section to further clarify Plaintiff's claims against Defendants (*e.g.*, Eighth and Fourteenth Amendment violations). (*Id.* at p. 4).

[2] No further facts regarding the reason for the medical procedure were provided in either Complaint.

2). Plaintiff complains, however, that when he awoke from the procedure, he discovered that "¾ of [his] penis had been cut off." (Doc. 6 at p. 2)(quoting Doc. 4 at p. 3). Plaintiff complains that he never provided consent for the referenced procedure, nor is there a waiver giving Defendant UMCNO permission to conduct the procedure. (Doc. 6 at p. 2; Doc. 4 at p. 4). UMCNO is located in the Eastern District of Louisiana.

After having considered the evidence to be introduced at trial, the Magistrate Judge recommended that Plaintiff's case be transferred to the Eastern District for further proceedings. (Doc. 6 at p. 3). The Magistrate Judge noted that "[u]nder the provisions of 28 U.S.C. § 1391(b)(1) and (2), a civil action may be brought in a judicial district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred." (*Id.* at p. 2). In addition, "pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a case filed in a [c]ourt of improper or inconvenient venue may be transferred, in the interest of justice and for the convenience of the parties and witnesses, to a district in which it could have been brought." (*Id.* at pp. 2–3). Secretary LeBlanc's principal office is located in the Middle District. The official duty stations of the LSP Medical Staff, as well as Warden Vannoy, are in the Middle District.

Nonetheless, the Court is satisfied that a change in venue is warranted. The incident here occurred entirely in the Eastern District, and the evidence to be considered by the trier of fact, including the testimony of witnesses, is located in the Eastern District. (*Id.* at p. 3). Accordingly, the Court concludes that it is in the interest of justice to transfer this case to the Eastern District. (*Id.*).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (*Id.* at p. 1). Plaintiff timely filed an opposition (Doc. 7). Defendants did not respond.

Plaintiff objects to the Report and Recommendation "to the extent that such change in venue prejudices the plaintiff's right to adequately assert his claim." (Doc. 7 at p. 2). Plaintiff agrees with, and does not object to, the Magistrate Judge's findings regarding the change of venue concerning the various parties residing in the Eastern District. (*Id.*). However, Plaintiff asserts that "the real party in interest is the State of Louisiana through the Louisiana Department of Corrections." (*Id.*). Plaintiff further asserts that "Defendants James LeBlanc, Darryl Vannoy, and (LSP) physician staff members all [reside] within the jurisdictional boundaries of the United States District Court for the Middle District of Louisiana." (*Id.* at p. 1). Assuming that Plaintiff is requesting that the matter remain in the Middle District on the basis of his assertion that "the real party in interest" is located in the Middle District, such contention is unsupported by law or legal authority given that venue often is not limited to one judicial district.[3] In other words, transferring the suit to the Eastern District will not deprive the Plaintiff of his right to adequately assert a

---

[3] 28 U.S.C. § 1391(b) allows venue in "the judicial district . . . in which the claim arose." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 184–85 (1979) (citing *Denver & R. G. W. R. Co. v. Railroad Trainmen*, 387 U.S. 556, 560 (1967)). Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts. *Id.* Rather, it restricted venue either to the residence of the defendants or to "a place which may be more convenient to the litigants"—*i.e.*, both of them—"or to the witnesses who are to testify in the case." *Leroy*, 443 U.S. at 185 (quoting S.Rep.No.1752, 89th Cong., 2d Sess. 3 (1966)).

claim against those whom he has identified as "the real party in interest." Thus, the Court is satisfied that the Magistrate Judge applied the correct legal standard.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 6)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that this matter be **TRANSFERRED** to the Eastern District of Louisiana for further proceedings.

Baton Rouge, Louisiana, this 13th day of November, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA