UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A. J. DAVIES,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-12575 |
| JAMES LEBLANC, ET AL.,<br>    Defendants | SECTION: "E"(5) |

### ORDER AND REASONS

Before the Court is a motion to dismiss, or in the alternative a motion for summary judgment, filed by Defendant Jonathan Silberstein.[1] For the following reasons, Defendant's motion for summary judgment is **DENIED**. A ruling on Defendant's motion to dismiss is **DEFERRED**, and Plaintiff is **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT**.

### BACKGROUND

Plaintiff A.J. Davies is currently incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[2] On April 28, 2017, Davies filed a complaint in federal court under 42 U.S.C. § 1983 alleging various individuals connected with LSP violated his constitutional right to appropriate medical care.[3] Over the next year and a half, Davies filed three amended complaints in a pro se capacity.[4] Davies was then appointed counsel and on November 27, 2019, with the assistance of counsel, filed what is designated as a Third Amended Complaint.[5] On December 27, 2019, also with the assistance of counsel,

---

[1] R. Doc. 73. Davies opposed the motion. R. Doc. 76. Silberstein filed a reply R. Doc. 78. Davies filed a sur-reply.
[2] R. Doc. 52 ¶ 12.
[3] R. Doc. 1.
[4] R. Doc. 4; R. Doc. 17; R. Doc. 21.
[5] R. Doc. 44.

1

Davies filed what is designated as a Fourth Amended Complaint.[6] The following facts are stated as set forth in Davies' Fourth Amended Complaint.

In March 2016, Davies began experiencing pain in his genital area and observed an area of hardness on or around the head of his penis.[7] Davies' condition worsened over the next several months as he underwent unsuccessful courses of treatment at LSP.[8] On September 2, 2016, LSP personnel told Davies he was being transported to University Medical Center in New Orleans (UMC) for a biopsy of his genitals.[9]

At UMC, Davies was told he would undergo a biopsy and that a tissue sample would be taken.[10] No medical provider discussed a potential penectomy (penis amputation) with Davies.[11] On September 3, 2016, after undergoing sedation, Davies awoke to discover approximately 75% of his penis had been amputated and a catheter had been installed at the base of his penis.[12] Defendant Silberstein performed the surgery.[13] Davies never received a formal diagnosis for his medical issues.[14]

On September 5, 2016, Davies saw a medical provider at LSP.[15] The provider informed him "they had run into cancer" and that is why his penis had been amputated.[16] This was the first time Davies was told he had cancer.[17] On November 14, 2016, Davies

---

[6] R. Doc. 52.
[7] *Id.* ¶ 20.
[8] *Id.* ¶¶ 21–43.
[9] *Id.* ¶ 44.
[10] *Id.* ¶ 45.
[11] *Id.*
[12] *Id.* ¶ 46.
[13] *Id.* ¶ 47.
[14] *Id.* ¶ 46.
[15] *Id.* ¶ 48.
[16] *Id.*
[17] *Id.*

filed a formal grievance with LSP based on the amputation of his penis without his consent.[18] Davies' request for relief was denied, as was his appeal of the denial.[19]

Davies lists five causes of action in his Fourth Amended Complaint, but only two of those causes of action are against Silberstein. First, under 42 U.S.C. § 1983, Davies alleges Silberstein violated his Fourteenth Amendment due process right to refuse medical treatment by performing a penectomy on Davies to which Davies alleges he did not provide informed consent.[20] Second, Davies alleges Silberstein breached his standard of care and was medically negligent under Louisiana Civil Code article 2315 by failing to obtain Davies' consent to the penectomy performed on him.[21]

Defendant Silberstein seeks to dismiss Davies' Fourth Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), or in the alternative seeks summary judgment, both based on Davies' failure to bring his article 2315 claim before a medical review panel and the prescription of Davies' § 1983 and article 2315 claims.[22]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[23] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24]

---

[18] *Id.* ¶ 49.
[19] *Id.*
[20] *Id.* ¶ 72–73.
[21] *Id.* ¶ 81.
[22] R. Doc. 73.
[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[26] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[27]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[28] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[29] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[30]

## LAW AND ANALYSIS

### I.     Silberstein's Motion for Summary Judgment on Davies' § 1983 and Article 2315 Claims Is Premature.

Davies requests the Court deny Silberstein's motion for summary judgment on Davies' § 1983 and article 2315 claims as premature because more discovery is needed for Davies to obtain the facts needed to oppose the motion.[31] Under Federal Rule of Civil Procedure Rule 56(d),[32] if a party opposing a motion for summary judgment shows, by

---

[25] *Id.*
[26] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[27] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[28] *Twombly*, 550 U.S. at 555.
[29] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[30] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[31] R. Doc. 76, at 5.
[32] On December 1, 2010, the provisions of former subdivision (f) of Rule 56 were carried forward, without substantial change, to subdivision (d). Accordingly, while case law prior to this change references Rule 56(f)

4

way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.[33] The rule is "designed to safeguard against a premature or improvident grant of summary judgment."[34]

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact."[35] In requesting a Rule 56(d) motion, a plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[36] Rather, the plaintiff "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[37] "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted."[38]

The Court finds Davies has justified his need for a continuance to allow additional time to conduct discovery before being required to oppose a motion for summary judgment. Davies' counsel has set forth, by way of a declaration, the specific reasons he cannot at this time present facts essential to his opposition.[39] Counsel for Davies has

---

instead of Rule 56(d), those pre-2010 cases still hold precedential and persuasive value and are fully applicable to this case.
[33] FED. R. CIV. P. 56(d).
[34] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).
[35] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).
[36] *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted).
[37] *Id.* (internal quotation marks and citation omitted).
[38] *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).
[39] R. Doc. 76-1.

received no formal discovery from Defendant Silberstein, except for an exchange of medical disclosures, and there is currently no deadline for the completion of discovery as the Court's original scheduling order has been vacated.[40]

Counsel for Davies also has identified the additional facts Davies needs to obtain regarding, among other things,

> a) Defendant Jonathan Silberstein's relationships with University Medical Center, the State of Louisiana and/or any entities thereof;
> b) The relationship between University Medical Center and the State of Louisiana;
> c) Any contractual agreements governing the delivery of medical care to inmates at University Medical Center, by Jonathan Silberstein specifically, or by Tulane providers generally;
> d) The Resident Supervision Agreement pursuant to which Jonathan Silberstein purports to treat patients at University Medical Center;
> e) When Jonathan Silberstein either was or should have been aware that Plaintiff had taken legal action based on surgery performed on him by Dr. Silberstein;
> f) When prescription began to accrue as to Plaintiff's claims (under the discovery rule, or *contra non valentem*); and
> g) Whether Jonathan Silberstein obtained Plaintiffs informed consent to the penectomy at issue in this lawsuit.[41]

The Court finds Davies has demonstrated sufficiently that: (1) he needs additional discovery to oppose Silberstein's motion for summary judgment and (2) the additional discovery will likely create a genuine issue of material fact.[42] Accordingly, the Court denies Silberstein's motion for summary judgment as premature.

## II.     Silberstein's Motion to Dismiss Davies' § 1983 and Article 2315 Claims

Silberstein moves to dismiss the claims against him for two reasons. First, Silberstein asserts Davies did not present his Louisiana Civil Code article 2315 claims to a medical review panel as required by Louisiana law before bringing a negligence claim

---

[40] *Id.*
[41] *Id.* ¶ 14.
[42] *See Stearns Airport Equip. Co.*, 170 F.3d at 534–35.

against a medical provider in court.[43] Second, Silberstein argues Davies' § 1983 and article 2315 claims against him are prescribed.[44]

> **A. Davies has alleged facts, which, if true, would relieve him of the requirement under Louisiana Law to present his negligence claim against Silberstein to a medical review panel.**

There are two statutory schemes dealing with medical malpractice actions in Louisiana: the Medical Malpractice Act (MMA)[45] and the Medical Liability for State Services Act (MLSSA).[46] The MLSSA applies to medical malpractice committed by a "state health care provider."[47] The MLSSA provides various categories of the "state health care providers" it covers. Those categories include:

- "[O]fficers, officials, and employees" of universities, hospitals, or university health centers "when acting within the course and scope of their duties in providing health care in connection with such state entity,"[48]

- "A person acting in a professional capacity in providing health care services, by or on behalf of the state, including but not limited to a physician . . . who is either (aa) Acting within the course and scope of his employment pursuant to a contract with the state, which contract specially names that health care provider and designates him to render such health care services, pursuant to a staff appointment to a state hospital or other state health care facility, or pursuant to an assignment to render such health care services for or on behalf of the state, without regard to where the services are performed, whether or not he is paid for such services [or] (bb) Performing voluntary professional or telemedicine services in a health care facility or institution for or on behalf of the state,"[49] and

- "A physician, surgeon, dentist, or hospital, and any employee of a physician, surgeon, dentist, or hospital not otherwise included in Item (i), (ii), or (iii) of this Subparagraph who gratuitously treats or provides services to any patient referred to him from a state hospital or other state facility without

---

[43] R. Doc. 73, at 6.
[44] *Id.* at 11, 14.
[45] LA. STAT. § 40:1231.1
[46] *Id.* § 40:1237.1.
[47] *Id.* § 40:1237.2.
[48] *Id.* § 40:1237.1(A)(9)(a)(i).
[49] *Id.* § 40:1237.1(A)(9)(a)(ii).

7

> compensation or reimbursement from Medicaid or from any type of state or federal public assistance program."[50]

Under both the MMA and the MLSSA, a claimant generally must invoke a medical review panel before filing suit in court.[51] The MLSSA, however, contains an exception for medical malpractice claims of prisoners.[52] Section 40:1299.39.1(A)(1) of the MLSSA provides:

> All malpractice claims against the state, its agencies, or other persons covered by this Part, other than claims wherein the patients are prisoners and claims compromised or settled by the claimant and the division of administration with the concurrence of designated legal counsel for the state, shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commissioner of administration, hereinafter referred to as commissioner.

As put by the Louisiana Third Circuit, "[a] clear interpretation of this phrase [other than claims wherein the patients are prisoners] is that claims, where the patient is a prisoner, are exempted from going through a medical review panel."[53] For patients who are prisoners, § 40:1299.39.1(E)(1) of the MLSSA provides:

> The medical malpractice claims of prisoners relating to health care rendered in a correctional facility and arising under this Part shall be submitted to correctional administrative review procedures established for administrative hearings in the correctional environment or established in accordance with express law, including R.S. 15:1171 et seq., R.S. 49:964, and the administrative rules and regulations pertaining thereto.

Davies did not allege he presented his negligence claim against Silberstein to a medical review panel. Instead, Davies asserts his negligence claim against Silberstein is not premature because (1) it falls within the MLSSA's exception for medical malpractice claims of prisoners, (2) it was required to be submitted for correctional administrative

---

[50] *Id.* § 40:1237.1(A)(9)(a)(iv).
[51] *Id.* § 40:1237.2(E)(1); LA. STAT. § 40:1231.8 (A)(1)(a).
[52] *Id.* § 40:1237.1(E)(1).
[53] *Yen v. Avoyelles Par. Police Jury*, 2003-603 (La. App. 3 Cir. 11/5/03), 858 So. 2d 786, 789.

8

review, and (3) he complied with this requirement. Silberstein, however, argues the MLSSA's exception does not apply to this case because Davies received treatment from Silberstein at a hospital outside the correctional facility and because Silberstein is not qualified under the MLSSA.

Louisiana courts have not limited the MLSSA's review panel exception to claims based on treatment provided to prisoners only at a correctional facility. For example, in *Yen v. Avoyelles Parish Police Jury*, a prisoner was treated at the Huey P. Long Medical Center in Pineville, Louisiana, and died there.[54] The Louisiana Third Circuit held not only the prisoner but also his heirs were exempted under the MLSSA from the submitting their malpractice claim to a medical review panel.[55] It is clear from the opinion that the prisoner's treatment occurred at a hospital rather than in a correctional facility.[56] Similarly, in *Wells v. Louisiana Department of Public Safety & Corrections*, the Louisiana Second Circuit held the MLSSA's medical review panel exception for prisoners applied to a claim based on care a prisoner received at an outside medical facility.[57]

The Court finds the MLSSA's exception applies, and Davies was not required to present his negligence claim to a medical review panel before bringing his article 2315 claim in court. Davies alleges Silberstein treated him pursuant to a contract with the State, the Department of Corrections, or LSP.[58] Davies further alleges Silberstein is covered by the MLSSA as a "person acting in a professional capacity in providing health care services, by or on behalf of the state, . . . [a]cting within the course and scope of his employment

---

[54] *Yen v. Avoyelles Par. Police Jury*, 2007-225 (La. App. 3 Cir. 12/5/07), 971 So. 2d 536, 537, *writ granted, cause remanded sub nom. May Yen v. Avoyelles Par. Police Jury*, 2008-0261 (La. 11/14/08), 996 So. 2d 1080.
[55] *Yen*, 858 So. 2d at 789.
[56] *Id.*
[57] 46,428 (La. App. 2 Cir. 8/24/11), 72 So. 3d 910, 918, *writ denied*, 2011-2637 (La. 2/10/12), 80 So. 3d 474.
[58] R. Doc. 52 ¶ 74.

9

pursuant to a contract with the state."[59] Under these factual allegations, accepted as true, Davies is not required to present his claims to a medical review panel, and Davies has complied with the requirement of the MLSSA that he submit his claim for correctional administrative review.[60] As a result, Silberstein is not entitled to dismissal of Davies' article 2315 claim based on prematurity.

> **B. Davies is granted leave to amend his complaint to provide a basis for applying the doctrine of *contra non valentem* as to his § 1983 and article 2315 claims.**

"Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion."[61] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[62]

The limitations period for a § 1983 action is determined by the state's personal injury limitations law.[63] In Louisiana, that period is one year.[64] The limitations period for Davies' Louisiana Civil Code article 2315 medical negligence claim also is one year.[65] "Prescriptive statutes are strictly construed against prescription."[66] If the defendant

---

[59] LA. STAT. § 1237.1(A)(9)(a)(ii).
[60] R. Doc. 52 ¶ 49.
[61] *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)).
[62] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Kansa Reinsurance,* 20 F.3d at 1366–70 (affirming the dismissal, under Rule 12(b)(6), of a claim as time barred in which the claim was clearly filed after the applicable statute of limitations had run and in which it was evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule).
[63] *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008).
[64] *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).
[65] LA. STAT. § 9:5628.
[66] *Landry v. Blaise, Inc.*, 1999-2617 (La. App. 4 Cir. 8/2/00), 774 So. 2d 187, 190, *writ denied*, 2000-2820 (La. 12/8/00), 776 So. 2d 469.

proves the action has prescribed on its face, the burden then shifts to the plaintiff to prove an exception to prescription.[67]

Davies' penectomy occurred on September 3, 2016. Accordingly, Davies had until September 3, 2017, to file suit. Davies, acting pro se, did file his initial complaint[68] and first amended complaint[69] within that time frame, but neither complaint named Silberstein as a defendant. Davies' first amended complaint, filed on June 27, 2017, named "unknown" doctors at UMC, which may have been an attempt to reference Silberstein.[70] Silberstein did not appear as a named defendant, however, until the Third Amended Complaint, filed on November 27, 2019—well over one year after the surgery.[71] All of the facts needed to determine whether Davies' claims against Silberstein are prescribed (i.e. the date of Davies' injury and the date he filed suit against Silberstein) are apparent on the face of Davies' complaint. As a result, Silberstein has shown Davies' claims against him are prescribed on their face and the burden shifts to Davies to show the claims are in fact not prescribed.

Davies asserts two reasons his claims against Silberstein are not prescribed. First, Davies argues that, under Federal Rule of Civil Procedure 15, his claims against Silberstein relate back to his timely filed complaint. Second, Davies argues his claims are not prescribed based on the doctrine of *contra non valentum*.

### 1. Davies' amended complaint naming Silberstein does not relate back under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15(c)(1) provides:

---

[67] *Eldridge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000) (citing *Dixon v. Houck*, 466 So. 2d 57, 60 (La. Ct. App. 1985)).
[68] R. Doc. 1.
[69] R. Doc. 4.
[70] *Id.*
[71] R. Doc. 44.

11

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"Rule 15(c)'s relation back doctrine, though it has the ultimate effect of 'tolling' limitations, is considered by [the Fifth Circuit] to be purely procedural and is thus governed by federal law."[72]

The particular subsection under which Davies argues his claims against Silberstein "relate back" to the date of his First Amended Complaint is Rule 15(c)(1)(C).[73] To show an amended complaint relates back to a previous, timely filed complaint under Rule 15(c)(1)(C), "a plaintiff must show the added defendant received adequate notice of the original lawsuit and that the defendant knew that, but for a mistake concerning the identity of the defendant, the action would have originally been brought against the defendant."[74] Rule 15(c)(1)(C) is meant to "correct a *mistake* concerning the identity of the party."[75] "The Advisory Committee Notes to [Rule 15(c)(1)(C)] state that this subsection cures the problems that arise, for example, when a defendant mistakenly sues an agency of the government without knowing that the cause of action requires the

---

[72] *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1367 n.4 (5th Cir. 1994).
[73] R. Doc. 76, at 16.
[74] *Jacobsen v. Osborne*, 133 F.3d 315, 319-22 (5th Cir. 1998).
[75] *Id.* at 321.

12

defendant to sue an agency head."[76] However, "Rule [15(c)(1)(C)] does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."[77] "This result is necessitated by the goals of relation-back and Rule [15(c)(1)(C)]: to correct a *mistake* concerning the identity of a party."[78] For unidentified defendants, "there [i]s no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant."[79] The Fifth Circuit "has clearly held that 'an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c).'"[80]

In this case, Davies did not make a mistake concerning the identity of Silberstein in his timely filed complaints. Instead, he simply failed to identify Silberstein. His first amended complaint named the "unknown" doctors at UMC who performed his penectomy but did not name Silberstein as one of those doctors.[81] Because Rule 15(c)(1)(C) permits a later amended complaint to relate back to a timely filed complaint only to correct a *mistake* concerning the identity of a party, and not to correct an inability to identify a party, Davies' later amended complaints do not relate back to his timely filed complaints. Rule 15(c)(1)(C) does not render his claims against Silberstein timely.

Davies asserts the Court should draw a distinction between his timely filed complaint, which named "unknown" doctors at UMC, and complaints that merely identify a defendant as "John Doe." The Fifth Circuit, however, has not drawn such a distinction. For example, in *Winzer v. Kaufman County*, the Fifth Circuit held, "to the extent

---

[76] *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996).
[77] *Jacobsen*, 133 F.3d at 321 (quoting *Barrow*, 66 F.3d at 470).
[78] *Id.* at 320–22 (5th Cir. 1998).
[79] *Id.* at 321.
[80] *Winzer v. Kaufman County*, 916 F.3d 464, 471 (5th Cir. 2019).
[81] R. Doc. 4, at 1.

Appellants sued 'unknown officers,' they cannot use these 'John Doe' claims to now substitute in [new defendants] after the limitations period."[82] Similarly, in *Jacobsen v. Osborne*, the Fifth Circuit relied on a Seventh Circuit case in which "the plaintiff sued 'unknown named police officers'" and the Seventh Circuit held his "failure to name [the correct officers] was due to a lack of knowledge as to their identity, and not a mistake in their names, [which] prevented [him] from availing himself of the relation back doctrine of Rule 15(c)."[83]

> **2. Davies is granted leave to allege facts in his complaint showing his § 1983 and article 2315 claims against Silberstein are timely under the doctrine of *contra non valentum*.**

The doctrine of *contra non valentem* is a judicially created exception to the rules of prescription.[84] The doctrine suspends prescription

> when the plaintiff is prevented from acting under one of four scenarios: (1) where there was some legal cause which prevented the courts or their officers from acting or taking cognizance of the plaintiff's action; (2) where there was some condition or matter coupled with the contract or connected with the proceedings which prevented the plaintiff from availing himself of his cause of action; (3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.[85]

In his opposition to Silberstein's motion to dismiss, Davies contends the fourth category (also known as the "discovery rule") applies to both of his claims against Silberstein because his causes of action against Silberstein were not known or reasonably knowable by him and he was reasonably diligent in his efforts to identify Silberstein. In

---

[82] 916 F.3d at 471.
[83] 133 F.3d 315, 321 (5th Cir. 1998) (citing *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993)).
[84] *Bergeron v. Pan Am. Assurance Co.*, 98-2421, p. 9 (La. App. 4 Cir. 4/7/99), 731 So.2d 1037, 1042.
[85] *Bayou Fleet, Inc. v. Bollinger Shipyards, Inc.*, 15-0487, pp. 12-13 (La. App. 4 Cir. 7/21/16), 197 So.3d 797, 806.

14

his Fourth Amended Complaint, however, Davies does not provide any basis for the application of the discovery rule as to his claims against Silberstein. This is potentially problematic.

In *Jones v. Alcoa, Inc.* the Fifth Circuit stated the plaintiffs' amended complaint did not "even remotely suggest[]" the plaintiffs were unaware of the discrimination being practiced against them."[86] The court went on to state, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[87] Accordingly, the court held tolling did not apply to plaintiffs' claims and dismissal of the plaintiffs' complaint was warranted.[88] Davies has requested, in the event the Court finds dismissal may be warranted because he did not raise a basis for the application of the discovery rule, an opportunity to amend his complaint.

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[89] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[90] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[91]

---

[86] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).
[87] *Id.*
[88] *Id.*
[89] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[90] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[91] *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).

In this case, the Court has granted Davies leave to amend his complaint several times. Each previous amendment, however, sought to remedy issues not identified in the motion to dismiss now under review, and Davies has filed only two amended complaints with the assistance of counsel. The parties are engaged in the early stages of discovery and no scheduling order is in place. If Davies fails to file an amended complaint providing a sufficient basis for the Court to apply the discovery rule to this case, adequate time will remain for Silberstein to bring a motion to dismiss or motion for summary judgment. Accordingly, Silberstein will not be unduly prejudiced by virtue of allowance of an amendment.

## CONCLUSION

**IT IS ORDERED**, for the foregoing reasons, that Defendant Silberstein's motion for summary judgment on Davies' § 1983 and article 2315 claims is **DENIED**. A ruling on Defendant Silberstein's motion to dismiss Davies' § 1983 and article 2315 claims is **DEFERRED**.[92] Plaintiff is granted leave to file a superseding, amended complaint, incorporating all allegations and prayers for relief, by **June 22, 2020.** If Plaintiff timely files a superseding, amended complaint, incorporating all allegations and prayers for relief, the pending motion to dismiss filed by Silberstein will be denied as moot without prejudice.[93]

**New Orleans, Louisiana, this 12th day of June, 2020.**

                                                **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**

---

[92] R. Doc. 73.
[93] *Id.*